**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MELISSA DEYNE,

    Plaintiff,

v.                                    CASE NO.: **JURY TRIAL DEMANDED**

EXPERIAN INFORMATION
SOLUTIONS, INC. and GENESIS FS
CARD SERVICES,

    Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, MELISSA DEYNE (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and GENESIS FS CARD SERVICES (hereinafter "Genesis"), collectively hereinafter "Defendants" and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

**PRELIMINARY STATEMENT**

    1.    This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

    2.    Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion LLC ("TransUnion") and Experian Information Solutions, Inc. ("Experian").

    3.    Consumer reporting agencies that create consumer reports, like Equifax, Experian and TransUnion are charged with using reasonable procedures designed to ensure the maximum

possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Volusia County, Florida. She is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Experian is a corporation headquartered in the State of California, authorized to do business in the State of Florida through its registered agent, CT Corporation System at 1200 South Pine Island Road, Plantation, Florida 33324.

9. Experian is a "consumer reporting agency," as defined in 15 USC § 1681a(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

10. Experian disburses such consumer reports to third parties under contract for monetary compensation.

11. Genesis FS Card Services is a corporation headquartered in Oregon, authorized to do business in the State of Florida through its registered agent, C T Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person who is alleged to owe a debt.

13. On or about August 2019, Plaintiff became aware that someone was using her information without her permission. She learned that the criminal had used her information for utilities, phones and to obtain a lease for a residence. Plaintiff received, at her parent's address, a bill from Epic at Gateway in her maiden name. She immediately contacted the apartment complex and disputed the lease and resulting debt.

14. On October 22, 2019, Plaintiff received a letter from National Credit Systems, Inc. regarding a balance owed to The Princeton at College Parks Apt/318. Plaintiff called into National Credit Systems and spoke to a collections representative named Maria. She provided all her information and indicated she had never applied for, signed a lease, or resided at The Princeton. She believed National Credit Systems would correct their mistake and not continue to collect on a debt not owed by Plaintiff.

15. On or about December 30, 2019, Plaintiff filed a Police report with the Orange City Police Department notifying them of the fraudulent activity within her Credit Reports. The Police Department provided her with Incident number 190004086In or about February 18, 2020, Plaintiff pulled her Experian Credit Report and within it, there was an incorrect address, and two

fraudulent accounts, one account for GBS/First Electronic B, and an account in collections for National Credit Systems.

16. On or around March 3, 2020, Plaintiff wrote a detailed dispute letter to Experian to dispute the erroneous accounts from GBS/First Electronic B, and National Credit Systems. In this aforementioned letter, Plaintiff explained why the accounts did not belong to her. Plaintiff indicated that she did not apply, nor did she open and/or use the accounts. Plaintiff also indicated that she never lived at the Apartments that were trying to collect through National Credit System. Plaintiff provided her social security number as well as her current home addresses. She also attached her Driver's license and a statement from Chase showing her address. Plaintiff also disputed addresses on her report that she never resided at. Plaintiff provided extensive information on each inaccurate account being reported. She provided dates the accounts were allegedly opened, as well as inquiries from which she did not authorize to run her credit.

17. Further, in Plaintiff's dispute to Experian she copied images from her police report and an FTC Identity Theft Affidavit.

18. On or about March 13, 2020, Experian responded, with report number 3601-5792-95, to Plaintiff's dispute asking for additional information for "your request that information in your credit report be blocked due to alleged identity theft."  The requested information was indeed produced with the initial dispute.  More importantly, Experian violated 15 U.S.C. § 1681i by completely ignoring her detailed dispute.  Plaintiff knows that at least Genesis remained on her credit.

19. Plaintiff mailed her second dispute letter to Experian on or around March 30, 2020 again outlining all the erroneous errors on her report. In this dispute letter, Plaintiff

attached the full Orange City Incident Report, the full Identity Theft Affidavit, her Driver's License, and a statement from Chase to show proof of address.

20. On April 11, 2020, Experian responded, with report number 2529-9806-84, to Plaintiff's second dispute asking for the full report that was filed with State or Local Law Enforcement. Again, Plaintiff had provided the reports.

21. Experian again responded on April 24, 2020 to Plaintiff's dispute with the same report number, updating the erroneous account for Genesis as "Updated" and stating the other items mentioned are not being reported. Experian never contacted Plaintiff or law enforcement about the identity theft. Plaintiff, within her dispute letter, clearly indicated; do not simply verify the name, date of birth and social. Clearly it will match since the information was stolen. Despite the requests from Plaintiff, Experian did no independent investigation.

22. Upon information and belief, Experian notified Genesis and National Credit Systems of Plaintiff's dispute. Genesis should have received the dispute from Plaintiff but failed to do a reasonable investigation and verified the fraudulent account.

23. The businesses refused to acknowledge that the accounts did not belong to the Plaintiff and to correct the erroneous information.

24. The accounts were the result of negligent mishandling by National Credit Systems and Genesis, and failure by Experian to investigate all the facts which the Plaintiff explained in her dispute letters.

25. Experian kept the erroneous account on Plaintiff's credit report despite being notified that Plaintiff was not the debtor and a victim of a mixed file, negligence and/or identity theft.

5

26. To date, Experian has failed to report the proper information on Plaintiff's credit report despite having been given ample notice of its error.

27. To date, Genesis has failed to correct the information to Experian who is reporting on Plaintiff's credit report despite having been given amply notice of its error. Plaintiff has spoken with Genesis and has explained the fraud.

28. Experian has been aware of the identity theft and chose to delete fraudulent accounts and requests for credit history but chose not to believe Plaintiff regarding the remaining fraudulent account.

29. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

　　i. Stress associated with not being able to apply or purchase without fear of denial;

　　ii. Plaintiff was denied credit by Chase due to this inaccurate credit reporting;

　　iii. Monies lost by attempting to fix her credit;

　　iv. Loss of time attempting to cure the error;

　　v. Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

　　vi. Plaintiff is being forced to continue driving her current vehicle due to the inaccuracies reported by Experian.

30. All conditions precedent to the filing of this action has occurred.

## CAUSES OF ACTION

### COUNT I
### (Violation of the FCRA - Experian)

31. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) above as if fully set out herein.

32. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from sources it has to know can be unreliable.  Plaintiff provided (on at least two occasions) all the necessary information for Experian to conduct a reasonable investigation but Experian failed to do so.

33. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress associated with fear of denial, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials. Plaintiff has refrained from purchasing a car and has been forced to wait when applying for any type of credit.

34. Experian's conduct, action and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.  Experian was made aware of the identity theft by Plaintiff providing a police report number.

35. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** the Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for his attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT II

36. The Plaintiff re-alleges and incorporates paragraphs one (1) through thirty (30) as if fully set out herein.

37. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

38. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by stress associated with fear of denial, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials. Plaintiff has refrained from purchasing a car and has been forced to wait when applying for any type of credit. Plaintiff provided in her dispute an Incident Report from Orange City Police Department and an IRS Identity Theft Affidavit which should have triggered a procedure to independently evaluate the dispute, yet Experian failed to research the dispute by Plaintiff.

39. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

40. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
**(Violation of § 1681s-2(b)(1)(A) and (B) of the FCRA – GENESIS FS CARD SERVICES)**

41. Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty (30) above as if fully stated herein.

42. On at least one occasion within the past two years, by example only and without limitation, Genesis violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

43. On one or more occasions within the past two years, by example only and without limitation, Genesis violated 15 U.S.C.§1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.  Plaintiff communicated with Genesis and provided all the information necessary for Genesis to delete the account but it chose not to.

44. When the Plaintiff mailed her detailed, written disputes and enclosures to the CRAs, they use a dispute system named "e-Oscar," which has been adopted by the credit reporting agencies and by their furnisher-customers such as Genesis.  It is an automated system and the procedures used by the CRAs are systemic and uniform.

45. When a CRA receives a consumer dispute, it (usually via an off-shore, outsource vendor), translates that dispute into an "ACDV" form.

46. The ACDV form is the method by which Genesis has elected to receive consumer disputes pursuant to 15 U.S.C. § 1681i(a).

47. Based on the manner in which Experian, Trans Union, and Equifax responded to Plaintiff's dispute, representing that Genesis had "verified" the supposed accuracy of its reporting, Plaintiff alleges that Experian, Trans Union, and Equifax did in fact forward the Plaintiff's dispute via an ACDV to Genesis.

48. Genesis understood the nature of the Plaintiff's dispute when it received the ACDV from Experian, Trans Union and Equifax.

49. When Genesis received the ACDV from Experian, Trans Union, and Equifax it as well could have reviewed its own systems and previous communications with the Plaintiff and

discovered that Genesis in fact had connected Plaintiff to an account which should not have made it onto Plaintiff's consumer report.

50. Notwithstanding the above, discovery will show Genesis follows a standard and systemically unlawful process when it receives the ACDV dispute. Basically, all Genesis does is review its own internal computer screen for the account and repeat back to the ACDV system the same information Genesis already had reported to the CRAs.

51. When Genesis receives a consumer dispute through e-Oscar, it does not conduct a substantive review of any sort to determine whether or not the information already in its computer system is itself accurate.

52. As a result of Genesis's violations of 15 U.S.C. § 1681s-2(b)(1)(A) and (B), the Plaintiff suffered actual damages, including but not limited to: credit denial, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

53. The violations by Genesis were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Genesis was negligent, entitling the Plaintiff to recovery under 15 U.S.C. § 1681o.

54. The law nationally has long ago been articulated to require a detailed and searching investigation by a furnisher when it receives a consumer's FCRA dispute through a CRA.

55. Genesis was aware of the FCRA decisions by the Circuits setting out furnishers' obligations to reasonably investigate disputes when it followed the ACDV procedures used regarding the Plaintiff's dispute.

56. Discovery will confirm that the procedures followed regarding the Plaintiff's FCRA dispute through e-Oscar were the procedures that Genesis intended its employees or agents to follow.

57. The Plaintiff is entitled to recover actual damages, statutory damages, punitive damages, costs and attorney's fees from Genesis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, GENESIS FS CARD SERVICES, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts, and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Octavio "Tav" Gomez*
Octavio "Tav" Gomez, Esquire
Florida Bar No.: 0338620
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: (813) 223-5505
Facsimile: (813) 983-2889
Primary Email: TGomez@ForThePeople.com
Secondary Email: DGagliano@ForThePeople.com
*Attorney for Plaintiff*